UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
CLERK'S OFFICE
MAR 22 2012
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

  Plaintiff,

v.

D-1  THADDEUS LEWIS MCMICHAEL,

  Defendant.
_____/

CASE NO. 12-30147

HON. MARK A. RANDON

## **STIPULATION TO CONTINUE PRELIMINARY EXAMINATION AND COMPLAINT**

By and through their respective counsel, **THE PARTIES STIPULATE** and agree that there is good cause to continue the preliminary examination and complaint in this matter from March 21, 2012 to May 21, 2012 at 1:00PM.

**IT IS FURTHER STIPULATED** that the time period from March 21, 2012, through and including May 21, 2012, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Section 3161, in consideration of other proceedings concerning the defendant under Section 3161(h)(1), specifically, that the parties are actively engaged in plea negotiations and Section 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination outweigh the best interests of the public and Defendant in a speedy trial.

The parties stipulate and agree that an ends of justice continuance is appropriate for the following reasons:

1. On February 29, 2012, Defendant was charged in a criminal complaint with receipt of child pornography and possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B);

2. On March 20, 2012, the government and defense counsel initiated plea negotiations and the government notified defense counsel that the forensic examination of Defendant's computer was not complete;

3. The government and defense counsel agreed that a completed forensic examination was essential in order to continue plea negotiations;

4. The government and defense counsel also agreed that a mental health evaluation of Defendant, through Pre-Trial Services, would assist in the furtherance of plea negotiations; and

5. The government will provide discovery within the next 7 days and defense counsel requires additional time to review the discovery and determine whether conducting a preliminary examination is in the best interests of Defendant.

Overall, a continuance of the preliminary examination is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by continuing the preliminary examination outweigh the best interests of the public and Defendant in a speedy trial.

Accordingly, the parties request that the Court find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO STIPULATED.**

s/*Matthew A. Roth*  
Matthew A. Roth  
Assistant United States Attorney  
211 W. Fort Street, Suite 2001  
Detroit, Michigan 48226  
Phone: 313-226-9186  
E-Mail: matthew.roth2@usdoj.gov

s/*Judith S. Gracey* (with consent)  
Judith S. Gracey  
Attorney for Defendant  
2055 Orchard Lake Road  
Sylvan Lake, Michigan 48320  
Phone: 248-338-7800  
E-Mail: judithsgracey@aol.com

Dated: March 21, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
CLERK'S OFFICE

MAR 22 2012

U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

 Plaintiff,

v.

D-1 THADDEUS LEWIS MCMICHAEL,

 Defendant.
_____/

CASE NO. 12-30147

HON. MARK A. RANDON

## ORDER TO CONTINUE PRELIMINARY EXAMINATION AND COMPLAINT

The Court, having been fully advised by the respective parties, states as follows:

**IT IS ORDERED** that the preliminary examination and complaint are continued from March 21, 2012 to May 21, 2012 at 1:00PM.

**IF IS FURTHER ORDERED** that the time period from March 21, 2012, through and including May 21, 2012, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Section 3161, in consideration of other proceedings concerning the defendant under Section 3161(h)(1), specifically, that the parties are actively engaged in plea negotiations and Section 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination outweigh the best interests of the public and Defendant in a speedy trial.

The Court does find that an ends of justice continuance is appropriate for the following reasons:

1. On February 29, 2012, Defendant was charged in a criminal complaint with receipt of child pornography and possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B);

2. On March 20, 2012, the government and defense counsel initiated plea negotiations and the government notified defense counsel that the forensic examination of Defendant's computer was not complete;

3. The government and defense counsel agreed that a completed forensic examination was essential in order to continue plea negotiations;

4. The government and defense counsel also agreed that a mental health evaluation of Defendant, through Pre-Trial Services, would assist in the furtherance of plea negotiations; and

5. The government will provide discovery within the next 7 days and defense counsel requires additional time to review the discovery and determine whether conducting a preliminary examination is in the best interests of Defendant.

Overall, a continuance of the preliminary examination is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by continuing the preliminary examination outweigh the best interests of the public and Defendant in a speedy trial.

Accordingly, the Court shall find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

IT IS SO ORDERED.

_____
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Date Entered: 3-22-12