UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,                           CASE NO. 12-30147

      v.                                HON. LAURIE MICHELSON

D-1 THADDEUS LEWIS MCMICHAEL,

            Defendant.

_____/

**STIPULATION TO CONTINUE PRELIMINARY EXAMINATION AND COMPLAINT**

By and through their respective counsel, **THE PARTIES STIPULATE** and agree that there is good cause to continue the preliminary examination and complaint from May 21, 2012, to July 16, 2012 at 1:00PM.

**IT IS FURTHER STIPULATED** that the time period from May 21, 2012, through and including July 16, 2012, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Section 3161, in consideration of other proceedings concerning the defendant under Section 3161(h)(1), specifically, that the parties are actively engaged in plea negotiations and Section 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

The parties stipulate and agree that an ends of justice continuance is appropriate for the following reasons:

1. On February 29, 2012, Defendant was charged in a criminal complaint with receipt of child pornography and possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B);

2. On March 20, 2012, the government and defense counsel initiated plea negotiations and the government notified defense counsel that the forensic examination of Defendant's computer was not complete;

3. Within the last 45 days, Defendant experienced serious mental health concerns related to thoughts and behaviors related to suicide. Soon thereafter, Defendant began receiving mental health treatment;

4. On or about May 17, 2012, Defendant participated in a psychological and mental health examination through Untied States Pretrial Services; and

5. Defense counsel and the government agree that the above referenced mental health evaluation and associated report as well as Defendant's participation in a period of mental health treatment would assist in the furtherance of plea negotiations.

Overall, a continuance of the preliminary examination and complaint is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

Accordingly, the parties request that the Court find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the

continuance shall be excluded in computing the time within which the information or indictment

must be filed.

**IT IS SO STIPULATED.**

s/*Matthew A. Roth*                                          s/*Judith S. Gracey* (with consent)
Matthew A. Roth                                              Judith S. Gracey
Assistant United States Attorney                            Attorney for Defendant
211 W. Fort Street, Suite 2001                              2055 Orchard Lake Rd
Detroit, Michigan  48226                                    Sylvan Lake, Michigan  48320
Phone:   313-226-9186                                       Phone:  248-338-7800
E-Mail:  matthew.roth2@usdoj.gov                            E-Mail:  judithsgracey@aol.com


Dated:  May 21, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        CASE NO. 12-30147

        v.                           HON. LAURIE MICHELSON

D-1 THADDEUS LEWIS MCMICHAEL,

        Defendant.

_____/

## ORDER TO CONTINUE PRELIMINARY EXAMINATION AND COMPLAINT

The Court, having been fully advised by the respective parties, states as follows:

**IT IS ORDERED** that the final preliminary examination and complaint is continued from May 21, 2012 to July 16, 2012 at 1:00PM.

**IF IS FURTHER ORDERED** that the time period from May 21, 2012, through and including July 16, 2012, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Section 3161, in consideration of other proceedings concerning the defendant under Section 3161(h)(1), specifically, that the parties are actively engaged in plea negotiations and Section 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

The Court does find that an ends of justice continuance is appropriate for the following reasons:

1. On February 29, 2012, Defendant was charged in a criminal complaint with receipt of child pornography and possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B);

2. On March 20, 2012, the government and defense counsel initiated plea negotiations and the government notified defense counsel that the forensic examination of Defendant's computer was not complete;

3. Within the last 45 days, Defendant experienced serious mental health concerns related to thoughts and behaviors related to suicide.   Soon thereafter, Defendant began receiving mental health treatment;

4. On or about May 17, 2012, Defendant participated in a psychological and mental health examination through Untied States Pretrial Services; and

5. Defense counsel and the government agree that the above referenced mental health evaluation and associated report as well as Defendant's participation in a period of mental health treatment would assist in the furtherance of plea negotiations.


Overall, a continuance of the preliminary examination and complaint is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam).  Furthermore, the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

Accordingly, the Court shall find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO ORDERED.**

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

Date Entered:  May 23, 2012