UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 12-MJ-30147

v.

THADDEUS LEWIS MCMICHAEL,

        Magistrate Judge Mark Randon

        Defendant.
_____/

## ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OF DEFENDANT

This matter was before the Court on August 3, 2012. As a result of the hearing, the Court hereby orders that the defendant be evaluated to determine competency in accordance with the Insanity Defense Reform Act of 1984, 18 U.S.C. § 4241, *et. seq*.

The Court finds that there is reasonable cause to believe that the defendant should be evaluated to determine his competency to stand trial based upon the following:

1. Defendant McMichael made several suicidal statements during phone calls and messages to the FBI while out on bond in this matter;

2. Defendant McMichael's behavior at the bond revocation hearing suggests that the defendant may be unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Pursuant to Title 18 U.S.C. § 4247(b), the court is to designate a licensed or certified psychologist or psychiatrist to conduct the evaluation. Pursuant to 18 U.S.C.

§ 4247(b), the psychiatric or psychological evaluation shall be conducted in the suitable facility closest to the court. As the defendant is currently in the custody of the U.S. Marshals Service but being housed in a county jail facility within the Eastern District of Michigan, the parties stipulate that the psychiatrist or psychologist designated by the court should be admitted to the place of the defendant's place of incarceration to conduct a mental health examination and evaluation.

Pursuant to agreement between the parties and 18 U.S.C. § 4247(b), the court will designate psychologist, Dr. Charles Clark, to conduct the examination and to determine, pursuant to 18 U.S.C. § 4241(b), whether there is reasonable cause to believe that Defendant McMichael may presently be suffering from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense.

The parties further request that Dr. Clark be permitted to bring into the place of Defendant McMichael's incarceration, and utilize, items necessary to conduct the requested examination including a laptop computer, voice recording equipment, and written or printed testing materials, including blocks, picture cards, and books.

The parties agree that Dr. Clark shall be required, within forty-five (45) days of the examination of Defendant McMichael, and at least 30 days prior to the date of any hearing on this issue, to file his report with the court, and provide copies to counsel for the Defendant and counsel for the Government, pursuant to 18 U.S.C. § 4247(b)-(c). Dr. Clark's report shall include at least the following information:

    a. The defendant's history and present symptoms;

    b. A description of the psychiatric, psychological and medical tests that were employed and the results of each of those tests;

    c. The examiner's findings; and

    d. The examiner's opinions as to diagnosis, prognosis, and whether the defendant suffers from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    The parties further stipulate that the period of delay resulting from the scheduling and completion of the examination process to determine the mental competency of Defendant McMichael is in the best interest of the defendant, supersedes the public's interest in a speedy trial, and that it therefore should be excluded in computing the time within which the trial of this case must commence pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(1)(A), which provides for the exclusion of time computed under this act for delay resulting from proceedings and examinations to determine the mental competency of a defendant.

    Agreed as to form and substance. Counsel for McMichael makes the stipulations above based on the information provided to her, rather than based on personal observations of the defendant as counsel was just recently appointed to this matter.

| | |
|---|---|
| s/ Lisa L. Dwyer | s/Kevin M. Mulcahy |
| **Lisa L. Dwyer** | **Assistant United States Attorney** |
| 710 N Crooks Road | 211 W. Fort Street, Suite 2001 |
| Clawson, MI 48017 | Detroit, Michigan 48226 |
| | |
| Dated: August 9, 2012 | Dated: August 9, 2012 |

**IT IS HEREBY ORDERED** that the Court finds that there is reasonable cause to believe that Defendant McMichael should be evaluated to determine whether the defendant suffers from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense. The evaluation shall be conducted in the manner set forth in this Order.

**IT IS FURTHER ORDERED** that the period of delay resulting from the scheduling and completion of the examination process to determine the mental competence of Defendant McMichael, including the time until a hearing on this issue is held, supersedes the public's interest, and the defendant's own interest, in a speedy trial, and it is therefore excluded from the computation of time within which the trial of this case must commence pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(1)(A).

                                                                  s/David R. Grand
                                                                  David R. Grand
Dated: _August 14, 2012               United States Magistrate Judge