UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                  CASE NO. 12-30147

      v.                                          HON. MONA K. MAJZBOUB

D-1 THADDEUS LEWIS MCMICHAEL,

      Defendant.

_____/

**STIPULATION TO CONTINUE PRELIMINARY EXAMINATION AND COMPLAINT**

      By and through their respective counsel, **THE PARTIES STIPULATE** and agree that there is good cause to continue the preliminary examination and complaint from August 20, 2012, to January 3, 2013 at 1:00PM.

      **IT IS FURTHER STIPULATED** that the time period from August 20, 2012, through and including January 3, 2013, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Section 3161, in consideration of other proceedings concerning the defendant under Section 3161(h)(1), specifically, that the parties are actively engaged in plea negotiations and Section 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

      The parties stipulate and agree that an ends of justice continuance is appropriate for the following reasons:

1. On February 29, 2012, Defendant was charged in a criminal complaint with receipt of child pornography and possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B);

2. On March 20, 2012, the government and defense counsel initiated plea negotiations and the government notified defense counsel that the forensic examination of Defendant's computer was not complete;

3. After Defendant was arrested, Defendant experienced serious mental health issues related to thoughts and behaviors about to suicide. Soon thereafter, Defendant began receiving mental health treatment;

4. On or about May 17, 2012, Defendant participated in a psychological and mental health examination through Untied States Pretrial Services;

5. On August 3, 2012, Defendant's mental health deteriorated to the point where the Court revoked Defendant's bond and entered an order of detention pending trial;

6. On August 14, 2012, the Court ordered a competency examination and, on or about September 15, 2012, a psychological report was generated which indicated that Defendant was competent; and

7. On October 17, 2012, defense counsel requested additional time to allow a psychiatric or psychological examination of Defendant in furtherance of plea negotiations and to assist in fashioning a mental health plan that will best address the mental health needs of Defendant and his family.

Overall, a continuance of the preliminary examination and complaint is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). The parties also stipulate and agree that this stipulation and any order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

Furthermore, the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

Accordingly, the parties request that the Court find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO STIPULATED.**

| | |
|---|---|
| s/*Matthew A. Roth* | s/*Lisa L. Dwyer* (with consent) |
| Matthew A. Roth | Lisa L. Dwyer |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 710 N. Crooks Rd |
| Detroit, Michigan  48226 | Clawson, Michigan  48017 |
| Phone:   313-226-9186 | Phone:  248-435-8539 |
| E-Mail:  Matthew.Roth2@usdoj.gov | E-Mail:  dwyerl247@aol.com |

Dated:  November 8, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                   CASE NO. 12-30147

       v.                                            HON. MONA K. MAJZBOUB

D-1 THADDEUS LEWIS MCMICHAEL,

        Defendant.

_____/

## ORDER TO CONTINUE PRELIMINARY EXAMINATION AND COMPLAINT

The Court, having been fully advised by the respective parties, states as follows:

**IT IS ORDERED** that the final preliminary examination and complaint is continued from August 20, 2012 to January 3, 2013 at 1:00PM.

**IF IS FURTHER ORDERED** that the time period from August 20, 2012, through and including January 3, 2013, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Section 3161, in consideration of other proceedings concerning the defendant under Section 3161(h)(1), specifically, that the parties are actively engaged in plea negotiations and Section 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

The Court does find that an ends of justice continuance is appropriate for the following reasons:

    1. On February 29, 2012, Defendant was charged in a criminal complaint with receipt of child pornography and possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B);

2. On March 20, 2012, the government and defense counsel initiated plea negotiations and the government notified defense counsel that the forensic examination of Defendant's computer was not complete;

3. After Defendant was arrested, Defendant experienced serious mental health issues related to thoughts and behaviors about to suicide. Soon thereafter, Defendant began receiving mental health treatment;

4. On or about May 17, 2012, Defendant participated in a psychological and mental health examination through Untied States Pretrial Services;

5. On August 3, 2012, Defendant's mental health deteriorated to the point where the Court revoked Defendant's bond and entered an order of detention pending trial;

6. On August 14, 2012, the Court ordered a competency examination and, on or about September 15, 2012, a psychological report was generated which indicated that Defendant was competent; and

7. On October 17, 2012, defense counsel requested additional time to allow a psychiatric or psychological examination of Defendant in furtherance of plea negotiations and to assist in fashioning a mental health plan that will best address the mental health needs of Defendant and his family.

Overall, a continuance of the preliminary examination and complaint is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

This order shall not affect any previous order of pretrial detention or pretrial release.

Accordingly, the Court shall find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO ORDERED.**

**Dated: November 9, 2012**              s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE